IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JECOLE DEKEITH JACKSON, § | | |
| TDCJ No. 02296306, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:22-cv-1391-E-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jecole DeKeith Jackson – a Texas prisoner – was charged in Dallas County with aggravated robbery, enhanced to a habitual offender by prior convictions for robbery and assault on a public servant. Dkt. No. 13-1 at 8. Jackson pleaded not guilty, but a jury found him guilty of the lesser included offense of robbery and sentenced him to 30 years' imprisonment. *See State of Texas v. Jecole DeKeith Jackson*, F-1954578F-R (265th Jud. Dist. Ct., Dallas Cnty., Tex., Nov. 21, 2019); Dkt. No. 13-1 at 74-76.

Jackson's conviction and sentence were affirmed on direct appeal. *See Jackson v. State*, No. 05-19-01535-CR, slip. op. (Tex. App. – Dallas May 19, 2021, pet. ref'd).

Jackson then filed a petition for discretionary review (PDR), which the Texas Court of Criminal Appeals (CCA) refused. *Jackson v. State*, No. PD-

0405-21 (Tex. Crim. App. Sept. 15, 2021); Dkt. No. 13-13 at 1-11; *see Jackson v. State*, No. 05-19-01535-CR, 2021 WL 1996818 (Tex. App. May 19, 2021).

Jackson filed a state habeas petition. Dkt. No. 13-37 at 27. The CCA denied his application without a written order. *See Ex parte Jecole DeKeith Jackson*, WR-45,300-03; Dkt. No. 13-36.

Jackson then filed this application for federal habeas relief pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 3. United States District Judge Ada Brown referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) on a standing order of reference.

The State responded to Jackson's application. *See* Dkt. No. 18. And Jackson filed a reply. *See* Dkt. No. 19.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny Jackson's application for a writ of habeas corpus.

**Applicable Factual Background**

These background facts are from the Dallas Court of Appeals's opinion affirming Jackson's conviction and sentence:

> As Myra Hall walked to the bus stop to pick up her young grandson, she held her keys in one hand and a cane in the other. Jackson approached her from behind and tried to take her keys, but Hall did not let go. Hall's grandson came to her as Jackson assaulted her, growling like a dog as he pulled on the keys. Jackson held a baseball bat in one hand and carried an umbrella under his arm. Although witnesses said Jackson did not swing the bat or indicate he would hit Hall with it, Hall testified she was afraid he might use the bat against her. Hall called out for help, and several young men in the vicinity came to her aid. They took

> the bat away from Jackson and told Hall to let go of her keys, assuring her they would get them back from Jackson. After Hall let go, the bystanders retrieved the keys from Jackson and gave them back to Hall.
> 
> Hall called the police to report the incident, and as she called, she accidentally dropped her keys on the ground. Jackson, whose demeanor had changed by this point, calmly picked them up, apologized to Hall, and offered to give the keys back. Hall told Jackson to put the keys on the ground, and he complied. Hall's grandson retrieved the keys, and Jackson went and sat on the stoop of a nearby house.
> 
> When the police arrived and arrested Jackson, he was lethargic, slurring his speech, and mumbling.

*Jackson*, 2021 WL 1996818, at *1.

## Legal Standards

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted).

Under the AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Adekeye*, 938 F.3d at 682 ("Once state remedies are

exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *see also Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2254(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court proceedings'").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have

-4-

emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 978 F.3d 933, 940 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted)). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal

quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571

U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on [an] unreasonable factual determination." *Will v. Lumpkin*, 978 F.3d 933, 942 (5th Cir. 2020) (emphasis in original). In other words, habeas relief is unwarranted if the state court's conclusion would not have changed even if it got the disputed factual determination right. *See id.*

Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state

court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)). This is "[b]ecause a federal habeas court only reviews the reasonableness of the state court's ultimate decision," "not the written opinion explaining that decision." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003) (quoting *Neal*, 286 F.3d at 246).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

**Analysis**

Jackson makes the following claims for habeas relief:

1. The evidence is insufficient to support his conviction for robbery;

> 2. His sentence is disproportionate and violates the Eighth Amendment; and
>
> 3. His sentence is disproportionate and violates Article I, Section 13 of the Texas Constitution.

*See* Dkt. No. 3 at 6-7.

### I.  Insufficient Evidence

Jackson contends that there is insufficient evidence to support his conviction for robbery. Dkt. No. 3 at 6.

A state prisoner is entitled to habeas corpus relief only if a court finds "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). "The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). And all credibility choices and conflicting inferences must be resolved in favor of the verdict. *See Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1989) (stating that, on federal habeas review, the federal court "should not substitute [its] view of the evidence for that of the factfinder, but consider all of the evidence in the light most favorable to the prosecution").

The Dallas Court of Appeals rejected Jackson's claim, finding sufficient evidence to support his conviction for robbery. *Jackson*, 2021 WL 1996818, at *1. The Dallas Court of Appeals explained:

[A] person commits robbery if, while committing theft and with intent to obtain control of property, the person "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code 29.02(a)(2). Jackson concedes the evidence shows he committed theft but disputes whether it supports the jury's finding that he intentionally or knowingly threatened Hall or placed her in fear of imminent bodily injury or death.

Both Hall and her grandson testified they feared Jackson was going to hurt Hall as he tried to take her keys. Jackson nevertheless argues he did not place Hall in fear of imminent bodily injury, because he did not use the bat in a threatening manner. Even if Jackson did not threaten hall with the bat, the jury could have concluded he placed Hall, a sixty-four year old grandmother with her young grandson and total stranger, in fear of imminent bodily injury by growling at her while forcibly trying to take her keys and hold the bat.[2]

Jackson also contends Hall did not actually fear him because she waiting [sic] at the scene until police arrived, despite his continued presence in the area. The jury could have concluded, however, that Hall felt safe enough to wait for police because multiple bystanders were there to protect her from Jackson. Indeed, Hall testified another gentleman stayed with her at the scene to make sure she was safe. Moreover, Hall testified she was determined to stay at the scene because she wanted to make sure the police arrested Jackson to prevent him from victimizing someone else.

Jackson next argues "it was evidence that [he] was suffering a mental health crisis due to him speaking incoherently and growling like a dog." To the extent Jackson implies by this argument that his mental condition negated his ability to act intentionally or knowingly, we note that the jury heard evidence from which it could rationally conclude both that Jackson was high on PCP at the time of the offense and that his erratic behavior was consistent with voluntary intoxication, rather than a mental-health crisis. *See* Tex. Penal Code § 8.04; *Navarro v. State*, No. 05-17-01345-CR, 2018 WL 5291982, at *5 (Tex. App. – Dallas Oct. 25, 2018) (rejecting argument that voluntary intoxication negated the means rea for robbery).

One of the arresting officers, Sergio Ortiz, testified that, although he initially told other officers Jackson could have been suffering a mental-health crisis, his assessment changed based on his further interaction with Jackson. Later in the encounter, Ortiz asked Jackson whether he was on PCP, and Jackson

> responded: "I need some." Ortiz believed Jackson was coming down from a PCP high, and although Ortiz did not find PCP on Jackson at the time of his arrest, he found cigarettes commonly associated with PCP use. Ortiz also testified that a person high on PCP could act aggressively one moment and calmly the next, and he believed Jackson's behavior was consistent with PCP use. Viewing all of the evidence in the light most favorable to the verdict, the jury could rationally conclude beyond a reasonable doubt that Jackson committed robbery.
>
>> [fn 2] By rejecting the aggravated robbery charge, the jury implicitly concluded Jackson did not use or exhibit the bat to facilitate the robbery. And while recognizing this, evidence uncontrovertibly established Jackson held the bat during the robbery and thus we may consider this as a factor in our review, just as the jury considered the evidence as they saw it.

*Id.* at *1-*2.

The facts produced at trial, as summarized by the state appellate court opinion, show that there was sufficient evidence to support Jackson's conviction for robbery. Jackson has failed to demonstrate that he qualifies for relief on this ground. *See Jackson*, 443 U.S. at 324.

And the state habeas court denied this claim when it denied Jackson's state habeas application. Jackson fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F. 3d 1221, 1224-25 (5th Cir. 1997).

As such, Jackson fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

## II. Disproportionate Sentence-Eighth Amendment

Jackson next argues that his sentence violates the Eighth Amendment because it "is grossly disproportionate to the crime and inappropriate to the offender." Dkt. No. 3 at 6. He explains that his plea bargain offer included a fifteen-year sentence, but the prosecutor asked the jury to begin its punishment consideration at thirty years. *See id.*

Before the Dallas Court of Appeals, Jackson argued that "his thirty-year sentence violate[d] the United States … constitution[ ] because it [wa]s grossly disproportionate to the offense and inappropriate to the offender." *Jackson*, 2021 WL 1996818, at *2. The Dallas Court of Appeals disagreed and concluded that Jackson failed to preserve this argument for review on appeal by not raising it before the trial court. *See id.* ((citing Tex. R. App. P. 33.1(a); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App. – Dallas 2003, no pet.) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996))). Jackson raised this argument again in his PDR, and the CCA refused it. Dkt. No. 13-13 at 10; *see Jackson*, 2021 WL 1996818.

The undersigned finds that Jackson procedurally defaulted his Eighth Amendment sentencing claim. A procedural default occurs when "a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for

the dismissal, or the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred." *Jasper v. Thaler*, 765 F.Supp.2d 783, 827 (W.D. Tex. 2011) (citing *Coleman v. Thomas*, 501 U.S. 722, 735 n.1 (1991)). Under either scenario, the petitioner is deemed to have forfeited his habeas claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

But procedural defaults only bar federal habeas review when the pertinent state procedural rule is "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 424 (1991). And a petitioner can overcome the procedural default if he can show either "cause and actual prejudice" for his default or that failure to address the merits of the procedurally defaulted claim will work a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Finally, the Texas contemporaneous objection rule – under which a party who wants to preserve error for appellate review is required to make a timely, specific objection and obtain a ruling on the objection – is a "firmly established and regularly followed" state procedural rule sufficient to bar consideration of a claim in a federal habeas proceeding when the state court relied on the rule in rejecting a claim. *See, e.g., Dowthitt v. Johnson*, 230 F.3d 733, 752 (5th Cir. 2000) (citing *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998)); *see also Rosales v. Cockrell*, 220 F.Supp.2d 593, 621 (N.D. Tex. 2001) (discussing Texas contemporaneous objection rule) (citations omitted).

Because the Dallas Court of Appeals found that Jackson waived appellate review of his Eighth Amendment sentencing claim by not raising it before the trial court, the claim is barred from review in these proceedings unless he can show an exception to the procedural default doctrine applies. Jackson has not made any attempt to show cause and actual prejudice or that a failure to address the merits of his claim will work a fundamental miscarriage of justice. And, so, this claim is procedurally defaulted.

But Jackson's Eighth Amendment sentencing claim also lacks merit. The State's offer to recommend a fifteen-year sentence if Jackson pleaded guilty to aggravated robbery has no connection to the jury's later decision to impose a thirty-year sentence after Jackson rejected the plea offer.

And the Dallas Court of Appeals determined that his sentence was not disproportionate to the offense and the offender. *See Jackson*, 2021 WL 1996818, at *2.

The Dallas Court of Appeals's rejection of this claim on the merits was neither contrary to, nor involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in Jackson's trial and state habeas corpus proceedings.

For these reasons, Jackson is not entitled to federal habeas relief on his Eighth Amendment sentencing claim.

### III. Disproportionate Sentence-State Law

Finally, Jackson argues that his sentence violates Article I, Section 13 of the Texas Constitution because it is "grossly disproportionate to the crime and inappropriate to the offender." Dkt. No. 3 at 7. But he is not entitled to relief on this claim because he alleges a violation of state law.

Federal courts "do not sit as a super state supreme court to review error under state law." *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984). The Due Process clause "does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not so pronounced and persistent that it permeates the entire atmosphere of the trial." *Gonzales v. Thaler*, 643 F.3d 425, 431 (5th Cir. 2011) (cleaned up). "[A] state defendant has no constitutional right to an errorless trial." *Banks v. McGougan*, 717 F.2d 186, 190 (5th Cir. 1983).

And, so, petitioner is not entitled to relief unless "[a]n erroneous state court evidentiary ruling ... violates a specific federal constitutional right or is so egregious it renders the petitioner's trial fundamentally unfair." *Garza v. Thaler*, 909 F. Supp. 2d 578, 660 (W.D. Tex. 2012) (citing *Payne v. Tennessee*, 501 U.S. 808, 825 (1991); further citations omitted). "A trial is fundamentally unfair if 'there is a reasonable probability that the verdict might have been different had the trial been properly conducted.'" *Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992) (internal quotation marks omitted); *see also Little v. Johnson*, 162 F.3d 855, 861 n. 7 (5th Cir. 1998).

Jackson's claim that his sentence violated the Texas Constitution is a matter of state law and does not entitle him to federal habeas relief.

## Recommendation

The Court should deny Jackson's application for federal habeas relief.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 14, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE